# United States Court of Appeals

*for the*

# First Circuit

Case No. 24-1698

GORDON GRAVELLE, O/A Cobra Industries,

*Plaintiff-Appellant,*

v.

HUDSON LOCK, LLC, ROBERT J. SYLVIA, MARTY JALOVE,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, BOSTON, IN CASE NO. 1:23-cv-11708-ADB,
BEFORE THE HONORABLE ALLISON DALE BURROUGHS,
UNITED STATES DISTRICT JUDGE

## BRIEF FOR DEFENDANTS-APPELLEES

FRANK N. GAETA
RICH MAY, P.C.
176 Federal Street
Boston, Massachusetts 02110
(617) 556-3838
fgaeta@richmaylaw.com

JONATHAN S. GOODMAN
ALEC J. LOSH
PATZIK, FRANK & SAMOTNY LTD.
200 South Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 551-8300

*Attorneys for Defendants-Appellees*

January 17, 2025

 COUNSEL PRESS    (800) 4-APPEAL • (624171)

## CORPORATE DISCLOSURE STATEMENT FOR APPELLEE HUDSON LOCK, LLC

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, corporate Defendant/Appellee Hudson Lock, LLC hereby discloses the following:

1. Hudson Lock, LLC is a privately held limited liability company. There is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT FOR APPELLEE
HUDSON LOCK, LLC ....................................................................................i

TABLE OF AUTHORITIES .................................................................................iv

REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD ..................... vii

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR APPEAL............................2

STATEMENT OF THE CASE...............................................................................4

    I.     Overview of relevant facts, procedural history, related cases
            and Gravelle's adjudicated misconduct ...............................................4

    II.    Massachusetts I and II .........................................................................9

          A.    The allegations in Massachusetts I and II ..................................9

          B.    Massachusetts I ........................................................................11

               i.      Pursuant to Fed. R. Civ. P. 12(b)(6), the District
                      Court dismisses, with prejudice, thirteen of
                      fourteen counts in Massachusetts I.................................11

               ii.     Hudson's Motion for Summary Judgment .....................12

               iii.    The District Court enters a final judgment in
                      Massachusetts I...............................................................13

               iv.    Gravelle's first appeal in Massachusetts I......................13

               v.      Gravelle's Fed. R. Civ. P. 60 motion .............................14

                vi.    Gravelle's second appeal in Massachusetts I .................14

          C.    Massachusetts II.......................................................................15

                i.      Nearly three months after this Court affirmed the
                      District Court's final judgment in Massachusetts
                      I, Gravelle filed Massachusetts II arguing that
                      the claims were purportedly not ripe until April
                      2019 ................................................................................15

ii.    The District Court grants Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Massachusetts II ........................................................................16

iii.   This Court, for the third time, affirms the District Court's dismissal of Gravelle's claims in Massachusetts II ..............................................17

III.   Despite final judgments in Massachusetts I and II, both of which were affirmed multiple times on appeal, Gravelle filed Massachusetts III ...............................................................................17

IV.   Gravelle's decision to file Massachusetts III despite adverse final judgments in Massachusetts I and II is a continuing pattern of litigation misconduct, culminating in the District Court granting Defendants' Sanctions Motion ...................................20

SUMMARY OF ARGUMENT ..................................................................23

ARGUMENT ............................................................................................25

A.   The *de novo* standard of review applies to the analysis of this case ............................................................................................25

B.   Because Gravelle fails to make any argument relating to the District Court's order granting the Sanctions Motion, he has waived the ability to challenge it now..................................27

C.   *Res judicata* bars the claims asserted in Massachusetts III.................29

1.   The parties in Massachusetts I through III are identical..........29

2.   There is identicality between the causes of action asserted in Massachusetts I through III....................................30

3.   There was a final judgment on the merits in Massachusetts I and II..............................................................34

D.   In addition to the *res judicata* bar, Gravelle's fraud claim does not satisfy the heightened standard for fraud under Fed. R. Civ. P 9(b)......................................................................36

E.   Because any amendment would be futile, the District Court did not err in denying Gravelle leave to file an amended complaint ..........................................................................40

CONCLUSION ........................................................................................42

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*A.G. ex rel. Maddox v. Elsevier, Inc.*,
    732 F.3d 77 (1st Cir. 2013)..........................................................................27

*Adorno v. Crowley Towing And Transp. Co.*,
    443 F.3d 122 (1st Cir. 2006).......................................................................26

*Airframe Sys., Inc. v. Raytheon Co.*,
    601 F.3d 9 (1st Cir. 2010).............................................................. 29, 30, 34

*Bekele v. Lyft, Inc.*,
    918 F.3d 181 (1st Cir. 2019).......................................................................28

*Butler v. Balolia*,
    736 F.3d 609 (1st Cir. 2013).......................................................................25

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994)....................................................................................34

*Exec. Leasing Corp. v. Banco Popular de Puerto Rico*,
    48 F.3d 66 (1st Cir. 1995)...........................................................................29

*Fudge v. Penthouse Int'l Ltd.*,
    840 F.2d 1012 (1st Cir. 1988).....................................................................26

*Glassman v. Computervision Corp.*,
    90 F.3d 617 (1st Cir. 1996).........................................................................40

*Hayduk v. Lanna*,
    775 F.2d 441 (1st Cir.1985)............................................................. 37,  39

*HSBC Realty Credit Corp. (USA) v. O'Neill*,
    745 F.3d 564 (1st Cir. 2014).......................................................................40

*In re Colonial Mortg. Bankers Corp.*,
    324 F.3d 12 (1st Cir. 2003).........................................................................25

*Kelly v. Nortel Networks Corp.*,
    86 F. App'x 439 (1st Cir. 2004)..................................................................34

*Kowalski v. Gagne*,
    914 F.2d 299 (1st Cir. 1990).........................................................................8

*Mass. School of Law v. American Bar Assoc.*,
 142 F.3d 26 (1st Cir. 1998).................................................. 29, 30

*McGinty v. Beranger Volkswagen, Inc.*,
 633 F.2d 226 (1st Cir.1980)...................................................37

*Medina-Padilla v. U.S. Aviation Underwriters*, *Inc.*,
 815 F.3d 83 (1st Cir. 2016)...................................................26

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden*,
 11 F.4th 12 (1st Cir. 2021) ...................................................28

*North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*,
 567 F.3d 8 (1st Cir. 2009)................................................ 37, 38

*Porn v. Nat'l Grange Mut. Ins. Co.*,
 93 F.3d 31 (1st Cir. 1996)...................................................30

*Rife v. One W. Bank, F.S.B.*,
 873 F.3d 17 (1st Cir. 2017)...................................................26

*Rodi v. S. New England Sch. of L.*,
 532 F.3d 11 (1st Cir. 2008)...................................................36

*Rodowicz v. Massachusetts Mut. Life Ins. Co.*,
 192 F.3d 162 (1st Cir. 1999)...................................................39

*Ruivo v. Wells Fargo Bank, N.A.*,
 766 F.3d 87 (1st Cir. 2014)................................................ 26, 27

*Sparkle Hill, Inc. v. Interstate Mat Corp.*,
 788 F.3d 25 (1st Cir. 2015)................................................ 28, 29

*Tasker v. DHL Retirement Sav. Plan*,
 621 F.3d 34 (1st Cir.2010)...................................................26

*U.S. ex rel. Ge v. Takeda Pharm. Co.*,
 737 F.3d 116 (1st Cir. 2013)...................................................36

**Statutes & Other Authorities:**

15 U.S.C. § 1117(a) ...............................................................22

28 U.S.C. § 1291...................................................................1

28 U.S.C. § 1332(a)(2).............................................................1

35 U.S.C. § 285 ........................................................................................22

Fed. R. Civ. P. 9(b) ...................................................... 3, 16, 25, 36, 39

Fed. R. Civ. P. 11(c) .............................................................................2, 8

Fed. R. Civ. P. 12(b)(6) .................................................................. *passim*

Fed. R. Civ. P. 12(d) ...........................................................................25

Fed. R. Civ. P. 25 .................................................................................5

Fed. R. Civ. P. 31 .................................................................................7

Fed. R. Civ. P. 37 ..............................................................................9, 13

Fed. R. Civ. P. 59 ..............................................................................7, 15

Fed. R. Civ. P. 59(e) ............................................................................13

Fed. R. Civ. P. 60 ......................................................................... 7, 14, 16

Fed. R. Civ. P. 60(b) ............................................................................14

Mass. Gen. Law 93A ............................................................... 11, 17, 30

Restatement (Second) of Judgments § 24 (1982) ....................................30

# REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

Pursuant to Local Rule 34, Defendants-Appellees Hudson Lock, LLC ("**Hudson**"), Robert J. Sylvia ("**Sylvia**") and Marty Jalove ("**Jalove**" together with Hudson and Sylvia collectively, "**Defendants**") respectfully submit that the relevant factual and legal issues in this appeal are not complex and are sufficiently presented by the parties' briefing. Accordingly, oral argument will not aid this Court in the decision of this matter and in understanding why Plaintiff-Appellant Gordon Gravelle's ("**Gravelle**") Complaint was properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) under the *res judicata* doctrine and why the District Court properly granted Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c). In connection with this position, it should be noted that this is Gravelle's fourth appeal arising out of the same facts and purported dispute with Defendants, and in Gravelle's previous three appeals, this Court determined that it did not need oral argument to reach its rulings. *See* First Cir. Nos. 19-1350, 20-1282, 21-1547.

## JURISDICTIONAL STATEMENT

Defendants agree that the District Court had subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(2) and that the First Circuit Court of Appeals has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR APPEAL

1.     As an initial matter, should this Court affirm the District Court's order (Dist. Dkt. 31-32) granting Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) ("**Sanctions Motion**"), requiring Gravelle to obtain leave of Court before he is permitted to file suit in the United States District Court for the District of Massachusetts against any of the Defendants, where:

    a.  Gravelle's opening brief does not include a single legal or factual argument as to why the District Court erred in granting the Motion for Sanctions, and thus, as a matter of law, Gravelle has waived any challenge to the order; and

    b.  This is Gravelle's third, substantively identical lawsuit brought against the same Defendants, despite both prior lawsuits being litigated to a final judgment in favor of Defendants and against Gravelle and affirmed multiple times on appeal.

2.     Should this Court affirm the District Court's dismissal, with prejudice, of Gravelle's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), where:

    a.  applying the elements of *res judicata*, there is no substantive dispute identified in Gravelle's appellant brief that the Complaint asserts the same claims (or asserts claims that could have been alleged), against the same parties, as those previously litigated to a final judgment in favor of Defendants

PFS:004108.0031.3410477.7

and against Gravelle (and affirmed by this Court) in two prior matters captioned, respectively, *Gravelle v. Hudson Lock, LLC et al.*, No. 1:16-cv-12548 (D. Mass.), *affirmed* First Cir. Case No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109; and *Gravelle v. Hudson Lock, LLC et. al.,* No. 1:21-cv-10292 (D. Mass.), *affirmed* First Cir. No. 21-1547, Doc. 00117870387;

b.      Gravelle's fraud/deceit claim fails to allege any facts, much less facts sufficiently specific to satisfy the heightened pleading standard for fraud claims under Fed. R. Civ. P. 9(b), establishing that: (1) Defendants made a false representation of material fact; (2) with knowledge as to its falsity; (3) for the purposes of inducing Gravelle to act; and (4) that Gravelle reasonably relied on the false representation as true and acted on it; (5) to his detriment; and

c.      Gravelle fails to provide a cogent argument as to why the District Court erred in denying his motion for leave to file an amended complaint.

PFS:004108.0031.3410477.7

<u>**STATEMENT OF THE CASE**</u>[1]

**I. Overview of relevant facts, procedural history, related cases and Gravelle's adjudicated misconduct.**

This is Gravelle's third lawsuit in which he has asserted the same claims, based on the same facts, against the same defendants. As pled in *Gravelle v. Hudson Lock, LLC et al.*, 23-cv-11708-ADB (hereafter referred to as "**Massachusetts III**"), Hudson Lock, LLC ("**Hudson**") is a designer and manufacturer of locks and locking systems. *See generally* Dist. Dkt. 1 at ¶¶ 22-23.[2] Sylvia is Hudson's former president, and Jalove is its former vice president of sales and marketing. *Id.* at ¶¶ 4-7. Gravelle resides in Thunder Bay, Ontario, Canada. *Id.* at ¶ 1. Gravelle holds himself out as a designer of key machine products. *Id.* at ¶¶ 18-21. On July 28, 2023, Gravelle filed his complaint ("**Complaint**") in Massachusetts III.[3] Dist. Dkt. 1. The allegations are

---

[1] The caption of Gravelle's Appellant Brief includes HPC Acquisitions, LLC, Phil Calian, Waveland Investments LLC and Gale Johnson. None of these persons or entities are or have been named as defendants in Massachusetts III.

[2] Pursuant to First Circuit Local Rule 30(d), where, as here, the appellant is *pro se*, an appendix is not required. Therefore, documents in the District Court record are cited by their docket number ("**Dist. Dkt.**"), and documents in the record on this appeal are cited as "**App. Dkt.**", all of which are followed by the document specific page number or paragraph number where applicable.

[3] For ease of reference, throughout this matter, Defendants have referred to the above-captioned lawsuit as "Massachusetts III," and Gravelle's two earlier lawsuits against Defendants respectively as "Massachusetts I" and "Massachusetts II". Gravelle also filed a duplicative lawsuit against another one of the Defendants in Massachusetts I, Gale Johnson, in the United States District Court for the Northern District of Illinois, raising the same claims litigated in that earlier lawsuit. *See Gordon Gravelle v. Gale Johnson*, No. 19-cv-08125 (N.D. Ill.). That lawsuit was

substantively the same as those previously litigated twice to a final judgment in Defendants' favor by the District Court—and affirmed by this Court three separate times—in matters captioned *Gravelle v. Hudson Lock, LLC et al.*, No. 1:16-cv-12548 (D. Mass.), *affirmed* First Cir. Case No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109 (collectively, "**Massachusetts I**") and *Gravelle v. Hudson Lock, LLC et. al.,* No. 1:21-cv-10292 (D. Mass.), *affirmed* First Cir. No. 21-1547, Doc. 00117870387 (collectively, "**Massachusetts II**").

In Massachusetts I, II and III, Gravelle asserts the same claims against Defendants involving events leading to, arising from, and relating to an April 21, 2016 settlement agreement (the "**2016 Release**") between Gravelle and Hudson. In all three lawsuits, Gravelle alleges that in exchange for entering into the 2016 Release, Hudson paid him $24,000 and provided him with the opportunity to become a non-exclusive, independent distributor and service center of Hudson key machine products. In all three lawsuits, Gravelle alleges that Hudson breached the 2016 Release when it purportedly refused to allow him to act as an independent distributor and repair center of its products. *See* Dist. Dkt. 1 at ¶¶33-49; ML I Doc. 34-1 at ¶¶91-100 (references to court filings in Massachusetts I are cited herein as "**ML I Doc. ___**"); ML II Doc. 9 at ¶¶36-49 (references to court filings in Massachusetts II are

---

dismissed with prejudice as Mr. Johnson passed away and Gravelle failed to comply with the substitution procedures under Fed. R. Civ. P. 25. *See* Ill. Doc. 64.

PFS:004108.0031.3410477.7

cited as **"ML II Doc. ___"**). All three lawsuits further claim that Sylvia and Jalove

made various misrepresentations relating to events leading to the 2016 Release to

induce Gravelle to sign the release. *See* Dist. Dkt. 1 at ¶¶25-28;59-82; ML I Doc.

34-1 at ¶¶ 25-30.3, 57-61; ML II Doc. 9 at ¶¶25-33, 58-75. As a result of Defendants'

actions, Gravelle purportedly lost millions of dollars. *See* Dist. Dkt. 1 at ¶¶49, 82;

ML I Doc. 34-1 at ¶30.3, 60.1; ML II Doc. 9 at ¶49, 75.

A final judgment was entered in favor of Defendants and against Gravelle in

all three matters— with the decisions in Massachusetts I and II affirmed three times

by this Court. *See* ML I Doc. 88-89; First Cir. No. 19-1350, Doc. 00117538078;

First Cir. No. 20-1282, Doc. 00117677109; ML II Doc. 35; First Cir. 21-1547, Doc.

00117870387.

In Massachusetts I, the District Court entered a final judgment against

Gravelle on all fourteen causes of action. ML I Doc. 88-89. In dismissing the case

with prejudice, the District Court also noted that Gravelle's conduct "gave rise to the

concern that he was harassing the defendants with this lawsuit, rather than pursuing

a legal claim in good faith" as he, for example, "filed a 'consent' motion to extend

discovery to which defendants did not in fact consent," cancelled previously

scheduled depositions at the last minute, including after Defendants' counsel had

travelled to Canada, and failed to file his cross-motion for summary judgment or an

opposition brief to Defendants' summary judgment motion despite the District Court

6

warning him that failure to do so would result in dismissal of the lawsuit. Mass. I Doc. 88 at 1-2. Ultimately, the District Court found that Gravelle "is and has been engaging in a pattern of delay and disruption to impose costs on the defendants" and dismissed the lawsuit pursuant to Fed. R. Civ. P. 31 and due to Gravelle's failure to comply with the District Court's prior order. ML I Doc. 88 at 3. Gravelle twice unsuccessfully sought to amend or modify the District Court's final judgment, first, under Fed. R. Civ. P. 59, and then under Fed. R. Civ. P. 60. ML I Doc. 90, 97, 109-110, 116. He then unsuccessfully appealed the District Court's final judgment to this Court, which twice affirmed the District Court's final judgment. *See* First Cir. 19-1350, Doc. 00117538078; First Cir. 20-1282, Doc. 00117677109.

Undeterred, Gravelle filed Massachusetts II. Once again, the District Court entered a final judgment against Gravelle and in favor of each of the Defendants finding that each claim was barred by *res judicata.* ML II Doc. 35, 41 at 7:20; 8:4-7; 11:10-18. Once again, this Court affirmed the District Court's ruling. First Cir. 21-1547, Doc. 00117870387. It also denied Gravelle's petition for rehearing and rehearing *en banc*. First Cir. 21-1547, Doc. 00117907007.

One year later, Gravelle filed the instant matter, his third duplicative lawsuit. Once again, on July 1, 2024, the District Court dismissed the Complaint with prejudice as barred by *res judicata*. Dist. Dkt. 31 at 2-4. This time, however, given his demonstrated pattern of vexatious conduct against Defendants over the last eight

7

years, the District Court also granted Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) ("**Sanctions Motion**"). Dist. Dkt. 31 at 4. The District Court's order barred Gravelle from filing further lawsuits in the United States District Court for the District of Massachusetts against any defendants in Massachusetts I, II or III, without first obtaining leave of Court. *Id*.

As has been demonstrated in all three lawsuits, Gravelle's conduct over the past eight years is not unique to Defendants. Gravelle is a *pro se* litigant who has taxed the patience of courts in the United States and Canada with his endless disregard for deadlines, his failure to comply with court rules and court orders and his refusal to accept the finality of court rulings. *See, e.g.,* Dist. Dkt. 13 at 4-5.

Gravelle has not just been sanctioned in Massachusetts III but has also been sanctioned in Canada[4] as well as the United States District Court for the Eastern District of North Carolina for precisely the same conduct he has engaged in against Defendants since 2016: abusive and non-compliant litigation tactics, a refusal to accept the finality of adverse decisions, and the re-filing of duplicative claims after

---

[4] *See* Decision on Vexatious Litigation Application, *Avis Industrial Corp. v. Gordon Gravelle*, 2018 ONSC 4317 (Ontario Superior Court of Justice 2018, aff'd. with sanctions) (Dist. Dkt. 16-4). This Court may consider the Canadian court's ruling, although that ruling is by no means essential to the core point—that *res judicata* bars this lawsuit. "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matter at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

8

adverse rulings.[5] *See* Dist. Dkt. 16-4, 16-5. In granting sanctions, the United States

District Court for the Eastern District of North Carolina observed:

> "It appears that [Gravelle] is quite willing to use the court system to litigate his grievances with others … However, it does not appear that [Gravelle] is willing to adequately participate in the litigation he commences, committing discovery abuses, compounded by a litigation strategy that entails filing new suits with the same claims against the same defendants when [Gravelle's] claims are not resolved to his satisfaction."

*Gravelle v. Kaba ILCO Corp.*, 13-cv-642-FL (N.C. Doc. 104 at 9) (Dist. Dkt. 16-5 at 10).

## II.    Massachusetts I and II.

### A.    The allegations in Massachusetts I and II.

In Massachusetts I and II, Gravelle alleged that a business deal between him and Hudson relating to the design and production of a key machine had gone sour. According to the Second Amended Complaint (**"SAC"**) in Massachusetts I, and the First Amended Complaint (**"FAC"**) in Massachusetts II, in 2014, Gravelle entered into an arrangement with Hudson to develop and sell the "Rapidkey 7000" key machine concept. ML I Doc. 34-1 at ¶¶ 21-28; ML II Doc. 9 at ¶¶22-23. In an April 2015 asset sale, Gravelle sold his rights in the "Rapidkey 7000" key machine concept

---

[5] In fact, the District Court's order dismissing Massachusetts I, with prejudice, was in part due to Gravelle's violations of Fed. R. Civ. P. 37. ML I Doc. 88 at 3.

PFS:004108.0031.3410477.7

to Hudson (and a related private equity company). ML I Doc. 34-1 at ¶28; ML II Doc. 9 at ¶23. After a dispute arose between Gravelle and Hudson related to Gravelle's production of the Rapidkey 7000 concept, the parties entered into the 2016 Release. ML I Doc. 34-1 at ¶¶ 43-46.3, 92-96; ML II Doc. 9 at ¶¶24-29. In signing the 2016 Release, Gravelle released all claims against Hudson, including those relating to the sale and manufacture of key machines and all other issues preceding the agreement. *See* ML I Doc. 79-5; ML II Doc. 12-10. In exchange for signing the 2016 Release, Hudson paid Gravelle $24,000 and provided him with the opportunity to become a *non-exclusive*, independent distributor and service center of Hudson products if he chose to do so. ML I Doc. 34-1 at ¶¶ 95-96; ML II Doc. 9 at ¶¶37-40.

In both matters, Gravelle alleged that Jalove and Sylvia fraudulently induced him to enter into the 2016 Release by making various misrepresentations. *See* ML I Doc. 34-1 at ¶¶ 25-30.3, 57-61; ML II Doc. 9 at ¶¶25-32, 58-75. According to Gravelle, those misrepresentations concerned Gravelle's future ability to be a distributor and/or repair center of Hudson products. ML I Doc. 34-1 at ¶¶96-99; ML II Doc. 9 at ¶61. They also purportedly involved misrepresentations regarding the anticipated success of the "Rapidkey 7000" concept. ML I Doc. 34-1 at ¶¶ 25-30.6; ML II Doc. 9 at ¶¶25-27, 58-70.

In both Massachusetts I and II, Gravelle alleged that Hudson breached the 2016 Release by refusing to allow him to act as a "perpetual" distributorship and service center. ML I Doc. 34-1 at ¶¶91-99; ML II Doc. 9 at ¶41.

In both cases, Gravelle brought claims alleging that Hudson breached the 2016 Release by not allowing Gravelle to act as a perpetual independent distributor and/or repair center and that Jalove and Sylvia defrauded him in the transactions and events that led to the 2016 Release. *See* ML I Doc. 34-1 at ¶¶57-61,91-99; ML II Doc. 9 at ¶¶36-49, 58-75.

## B. Massachusetts I.

### i. Pursuant to Fed. R. Civ. P. 12(b)(6), the District Court dismisses, with prejudice, thirteen of fourteen counts in Massachusetts I.

On June 5, 2017, the defendants (including Hudson, Jalove and Sylvia) filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Massachusetts I. ML I Doc. 25-26. On January 30, 2018, the District Court dismissed, with prejudice, thirteen of the SAC's fourteen counts. ML I Doc. 41 at 13. The Court dismissed all claims relating to: purported fraud relating to the 2016 Release, purported breach of the covenant of good faith and fair dealing and purported violations of Mass Gen. Law 93A. *Id.* at 13. The District Court left the sole claim for purported breach of the 2016 Release. *Id.*

PFS:004108.0031.3410477.7

### ii.     Hudson's Motion for Summary Judgment.

Discovery proceeded on the remaining count for breach of the 2016 Release. Upon completion of discovery, Hudson filed a motion for summary judgment. ML I Doc. 77-78. Gravelle failed to comply with the District Court's order requiring that he file a response to the motion by January 20, 2019.  ML I Doc. 76.  Instead, two days after the deadline, Gravelle filed an "emergency" motion seeking to reopen discovery so that he could take numerous depositions that he had previously scheduled during discovery and that he had cancelled at the last minute (at significant cost and inconvenience to defendants and their attorneys). ML I Doc. 84, 86. Due to Gravelle's extensive history of harassing behavior toward the defendants and his non-compliance with deadlines and court procedures throughout the litigation, on January 23, 2019 the District Court denied Gravelle's request. *See* ML I Doc. 85 at 1-2.

Nevertheless, the District Court gave Gravelle one last chance.  In its order, the District Court warned that "**[i]f Mr. Gravelle fails to file either an opposition or a cross-motion for summary judgment by February 1, 2019, he faces dismissal of his complaint due to failure to prosecute and failure to obey this Court order**." *Id.* at 2 (emphasis in original).

PFS:004108.0031.3410477.7

### iii.    The District Court enters a final judgment in Massachusetts I.

Gravelle failed to file anything by the District Court's extended deadline. Accordingly, on February 12, 2019, on two bases, the District Court dismissed Gravelle's action with prejudice.  Dist. Dkt. 88. First, the District Court found:

> "Given the history of this case [summarized briefly in the court's order], the court finds that Gravelle is and has been engaging in a pattern of delay and disruption to impose costs on the defendants. For these reasons, the Court DISMISSES this action with prejudice, pursuant to rule 37."

*Id*. at 3. Second, the District Court dismissed the action because Gravelle failed to comply with the January 23, 2019 order. *Id*. The District Court entered a final judgment order on February 19, 2019 on all claims.  *See* ML I Doc. 89.

Thus, all claims alleged by Gravelle were adjudicated with finality by the District Court. The District Court then denied Gravelle's subsequent motion asking the Court to alter or amend its judgment under Fed. R. Civ. P. 59(e). ML I Doc. 97.

### iv.    Gravelle's first appeal in Massachusetts I.

Gravelle appealed the decision to this Court. On January 14, 2020, this Court affirmed the District Court, holding that "[t]he judgment of the district court is AFFIRMED." First Cir. 19-1350, Doc. 00117538078.  This Court also rejected Gravelle's appeal of the District Court's denial of his Rule 59(e) motion.  *Id*.  Thus, this Court affirmed the District Court's final judgment on the merits.

13

### v.   Gravelle's Fed. R. Civ. P. 60 motion.

Undeterred, on February 12, 2020, Gravelle filed a Fed. R. Civ. P. 60 motion, again seeking relief from the final judgment and asking the District Court to reopen Massachusetts I. ML I Doc. 109-115. On February 21, 2020, the District Court denied Gravelle's motion *sua sponte*. ML I Doc. 116. The District Court found that everything cited by Gravelle as a basis to vacate the judgment and as an excuse for his behavior throughout Massachusetts I had been known to Gravelle and was either raised by him or could have been raised prior to the District Court's final judgment a year earlier. *Id.* at 1-2. Finally, the District Court determined that Gravelle failed to articulate any plausible basis for relief under the particular subsections of Fed. R. Civ. P. 60(b). *Id.* at 2.

### vi.   Gravelle's second appeal in Massachusetts I.

On March 2, 2020, Gravelle again appealed to this Court, this time seeking review of the denial of his Fed. R. Civ. P. 60 motion. ML I Doc. 117. On December 4, 2020, this Court denied Gravelle's appeal and once again affirmed the final judgment. First Cir. 20-1282, Doc. 00117677109.

14

### C. Massachusetts II

#### i. Three months after this Court affirmed the District Court's final judgment in Massachusetts I, Gravelle filed Massachusetts II arguing that the claims were purportedly not ripe until April 2019.

In an attempt to plead around the finality of Massachusetts I, Gravelle filed Massachusetts II, contending in the FAC that the facts underlying Massachusetts II were not ripe until April 2019. *See* ML II Doc. 9 at ¶¶ 35, 41-42, 64-65. According to Gravelle, at that time, Hudson purportedly breached the 2016 Release (a second time) by informing him that he was not to act as a repair center and distributor for Hudson products and could not attend a trade show as its representative. *Id.* Thus according to Gravelle, it was not until April 2019 that he could have known that, when he signed the 2016 Release, Sylvia and Jalove had misrepresented facts about Gravelle's ability to become a distributor/repair center for Hudson's products and that their prognostications about the future success of his RapidKey machine were somehow inaccurate. *See id.* at ¶¶41-43, 64-72.

Axiomatically, by the time he filed Massachusetts II in February 2021, the District Court in Massachusetts I had already entered a final judgment on all of Gravelle's claims involving all events concerning the underlying 2015 asset sale, all events leading to the 2016 Release, and the terms and implementation of, and rights and obligations under the 2016 Release and had denied his Fed. R. Civ. P. 59 motion. *See* ML I Doc. 88-89, 97, 116. Just as critically, Gravelle had the opportunity to raise

15

issues he claimed to have learned of in April 2019 through the Fed. R. Civ. P. 60 motion that he filed in Massachusetts I on February 12, 2020. ML I Doc. 109-115. In fact, in his Fed. R. Civ. P. 60 motion, Gravelle made a cursory allegation regarding the purported "April 2019" breach of the 2016 Release, when he stated that "Hudson breached the contract again back in April 2019, which in turn, gives rise to a new action, or consolidated action." ML I Doc. 110 at 9. This Court subsequently affirmed the District Court's ruling in Massachusetts I twice. *See* First Cir. No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109.

### ii. The District Court grants Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Massachusetts II.

On April 6, 2021, Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the FAC noting that all of Gravelle's claims raised in Massachusetts II were previously raised, or could have been raised, in Massachusetts I, and thus were barred by *res judicata*. ML II Doc. 11-12 at 13-14. Defendants also detailed how Gravelle's fraud claim failed to satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b). ML II Doc. 12 at 14-15.

On June 28, 2021, after hearing oral argument from the parties, the District Court granted Defendants' motion to dismiss, finding that all claims in Massachusetts II were barred by *res judicata*, and dismissing the FAC with prejudice. ML II Doc. 35, 41 at 7:20; 8:4-7; 11:10-18.

16

### iii. This Court, for the third time, affirms the District Court's dismissal of Gravelle's claims in Massachusetts II.

Despite having had the same claims dismissed in Massachusetts I and II, with prejudice, and this Court affirming the District Court's judgment twice in Massachusetts I, Gravelle, nevertheless, appealed the District Court's order granting Defendants' motion to dismiss Massachusetts II. ML II Doc. 36, 39. On April 29, 2022, this Court again affirmed the final judgment. First Cir. No. 21-1547, Dkt. 00117870387. This Court also denied Gravelle's motion for rehearing and rehearing *en banc. Id.* at Dkt. 00117907007.

### III. Despite final judgments in Massachusetts I and II, both of which were affirmed multiple times on appeal, Gravelle filed Massachusetts III.

On July 28, 2023, Gravelle filed Massachusetts III. Dist. Dkt. 1. As in Massachusetts I and II, Gravelle brought claims for purported breach of the 2016 Release (Dist. Dkt. 1 at ¶¶36-49; *compare to* ML I Doc. 34-1 at ¶¶91-117, ML II Doc. 9 at ¶¶36-49); breach of the covenant of good faith and fair dealing (Dist. Dkt. 1 at ¶¶50-58; *compare to* ML I Doc. 34-1 at ¶¶40-42.2, ML II Doc. 9 at ¶¶50-57); "fraud/deceit" by Jalove and Sylvia (Dist. Dkt. ¶¶ 59-82; *compare to* ML I Doc. 34-1 at ¶¶57-61, ML II Doc. 9 at ¶¶58-75); and violations of Mass. Gen. Law. 93A (Dist. Dkt. ¶¶83-90; *compare to* ML I Doc. 34-1 at ¶¶84-90, ML II Doc. 9 at ¶¶76-82). Gravelle also brought a claim for "negligent misrepresentation." Dist. Dkt.

PFS:004108.0031.3410477.7

¶¶91-96. Each claim was raised, and judgment entered in favor of Defendants, or could have been raised, in Massachusetts I and II.

In all three lawsuits, Gravelle alleged that he was a developer of a key machine concept project called "Rapidkey 7000." Dist. Dkt. 1 at ¶¶18-21; *compare to* ML I Doc. 34-1 at ¶¶ 5-7, ML II Doc. 9 at ¶¶18-21. In 2014, Gravelle entered into an arrangement with Hudson to develop and sell the "Rapidkey 7000" concept. Dist. Dkt. 1 at ¶22; *compare to* ML I Doc. 34-1 at ¶¶21-28, ML II Doc. 9 at ¶¶22-23. In an April 2015 asset sale, Gravelle sold his rights in the "Rapidkey 7000" concept to Hudson and entered into a consulting agreement with Hudson. Dist. Dkt. 1 at ¶23; *compare to* ML I Doc. 34-1 at ¶¶28-33, ML II Doc. 9 at ¶23. After a dispute arose between Gravelle and Hudson, on April 21, 2016, the parties entered into the 2016 Release. Dist. Dkt. 1 at ¶¶24-29; *compare to* ML I Doc. 34-1 at ¶¶43-46.3, 92-96, ML II Doc. 9 at ¶24-29. In exchange for signing the 2016 Release, Hudson paid Gravelle $24,000 and provided him with the opportunity to become a non-exclusive, independent distributor and service center if he chose to do so. Dist. Dkt. 1 at ¶¶37-40; *compare to* ML I Doc. 34-1 at ¶¶ 95-96, ML II Doc. 9 at ¶¶39-40.

In Massachusetts I through III, Gravelle alleged Jalove and Sylvia engaged in fraud (or "pre-contractual misrepresentations") to induce him to enter into the 2015 asset sale and later the 2016 Release. Dist. Dkt. 1 at ¶¶25-28, 59-82; *compare to* ML I Doc. 34-1 at ¶¶ 25-30.3, 57-61; ML II Doc. 9 at ¶¶25-32, 58-75. According to

Gravelle, those misrepresentations concerned Gravelle's future ability to be a distributor and/or repair center of Hudson products. Dist. Dkt. 1 at ¶62; *compare to* ML I Doc. 34-1 at ¶¶96-99; ML II Doc. 9 at ¶61. They also purportedly involved misrepresentations regarding the anticipated success of the "Rapidkey 7000" concept project that Gravelle sold as part of the 2015 asset sale. Dist. Dkt. 1 at ¶¶27, 62, 70, 76; *compare to* ML I Doc. 34-1 at ¶¶ 25-30.6; ML II Doc. 9 at ¶¶25-27, 58-70.

As in Massachusetts II, Gravelle alleges in Massachusetts III that subsequent to the disposition of Massachusetts I, Hudson breached the 2016 Release, this time in June 2022, by terminating his right to act as a "perpetual" Hudson distributorship and service center. Dist. Dkt. 1 at ¶¶32, 36-49; *compare to* ML II Doc. 9 at ¶¶32,41, 46-47. Both the District Cout and this Court considered and rejected this argument in Massachusetts II. *See* ML II Doc. 35; First Cir. 21-1547, Doc. 00117870387.

All three lawsuits allege that as a result of Defendants' purported misconduct, Gravelle lost millions of dollars. *See* Dist. Dkt. ¶¶49, 58, 82; *compare to* ML I Doc. 34-1 at ¶¶60.1, 103, 111; ML II Doc. 9 at ¶¶49, 57, 75.

19

**IV. Gravelle's decision to file Massachusetts III despite adverse final judgments in Massachusetts I and II is a continuing pattern of litigation misconduct, culminating in the District Court granting Defendants' Sanctions Motion.**

As has been documented repeatedly throughout eight years of litigation, Gravelle is a serial plaintiff who refuses to accept adverse rulings in this and other lawsuits and repeatedly engages in misconduct consistent with his misconduct here. For example, on July 11, 2018, in a lawsuit styled *Avis Industrial Corp. v. Gordon Gravelle*, 2018 ONSC 4317, the Ontario Superior Court of Justice issued its "*Decision on Vexatious Litigant Application*." *See* Dist. Dkt. 16-4. In that order, like the District Court in Massachusetts III, the trial court entered an order requiring Gravelle and all of his companies to obtain leave of court in order to file future proceedings or to continue previously instituted matters. *Id.* at 18-19. That decision was affirmed by the Court of Appeal for Ontario, which also required Gravelle to pay $10,398.30 (Canadian) to the respondent. *See* First Cir. Case No. 19-1350, Doc. 00117471107 at 3.

The Ontario trial court highlighted that in just one of Gravelle's lawsuits, he had made forty-three appearances in court which could be characterized "as attempts to vary or reconsider prior orders." *See* Dist. Dkt. 16-4 at 17. The trial court alternatively described Gravelle's actions as "ignoring adverse rulings and procedural setbacks;" "resorting to multiple, repetitive proceedings, often against the same adversary;" "launching court proceedings as if unconcerned about financial

20

resources invariably consumed by such actions;" "persistently abusing the court process;" "bringing one or more actions to determine an issue which is already been determined by the court;" "rolling forward issues raised previously into subsequent actions;" "failing to pay costs of unsuccessful proceedings;" and "persistently taking unsuccessful appeals from judicial decisions." *See Id*. at 17-18.

Despite the Canadian court's vexatious litigant finding, Gravelle launched another lawsuit against Avis for the same claims in the United States District Court for the Northern District of Indiana. *See Gordon Gravelle v. Avis Industrial Corporation*, Case. No. 1:19-cv-00409-HAB-SLC (N.D. Ind.) (referred to herein as "Ind. Dkt."). Similar to Massachusetts I and II, after the District Court granted summary judgment[6] in favor of Avis because the very same claims were barred by *res judicata*, Gravelle appealed the decision to the United States Court of Appeals for the Seventh Circuit. Ind. Dk. 50, 52. On September 16, 2021, the Seventh Circuit affirmed the District Court's dismissal of Gravelle's case as barred by *res judicata*. *See* Seventh Cir. Case No. 21-1557, Dkt. No. 21 at 3-4. The Court affirmed the District Court's ruling that the Canadian court's dismissal of his claims for abuse of process and untimeliness constituted a final judgment on the merits. *Id.* at 4.

---

[6] In granting Defendant's motion for summary judgment, the District Court in Indiana referred to Gravelle's conduct as "contumacious and troublesome." *See* Ind. Dkt. 50 at 2.

In yet another lawsuit, the United States District Court for the Eastern District of North Carolina sanctioned Gravelle, in part, for his refusal to accept the finality of adverse rulings. That case, styled *Gravelle v. Kaba ILCO Corp.*, 13-cv-642-FL, is one of three lawsuits and six subsequent appeals Gravelle filed against the Kaba defendant.[7] In that case, the District Court awarded attorneys' fees to Kaba under the exceptional case provisions respectively under the Patent Act and Lanham Act, 35 U.S.C. § 285 and 15 U.S.C. § 1117(a). *See* Dist. Dkt. 16-5 at 4-10. In reaching that decision, the District Court catalogued Gravelle's adamant refusal to accept adverse rulings and found that his conduct after receiving such rulings was intentionally geared to impose unnecessary cost and inconvenience upon his (prevailing) opponents. *Id.* Gravelle was ultimately ordered to pay $68,393.49 in fees. E.D.N.C. Case No. 13-cv-642-FL, Doc. No.113. Gravelle's conduct in Massachusetts I through III is simply an extension of this conduct. And, like the rulings in the *Kaba* matters and *Avis* matter in Canada, the District Court in Massachusetts III granted Defendants' Sanctions Motion prohibiting him from filing further lawsuits against Defendants without leave of court. Dist. Dkt. 31 at ¶¶3-4.

---

[7] E.D.N.C. Case Nos. 5:13-cv-00160-FL, 5:13-cv-00642-FL, 5:17-cv-00207-FL; Fourth Cir. Case Nos. 13-2167, 16-1646, 18-1374; Fed. Cir. Case Nos. 16-2318, 18-1937, 20-1370.

PFS:004108.0031.3410477.7

# SUMMARY OF ARGUMENT

As an initial matter, while Gravelle's Notice of Appeal indicated an intent to challenge on appeal the entirety of the District Court's July 1, 2024 dismissal order (including the portion granting Defendants' Sanctions Motion), Gravelle's opening brief fails to provide a single factual or legal argument to support a reversal of the District Court's judgment granting that motion. In granting the Sanctions Motion, the District Court enjoined Gravelle from filing any new action in the United States District Court for the District of Massachusetts against any defendant in Massachusetts I, II or III without "first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so." Dist. Dkt. 31 at 4. Accordingly, Gravelle waived his appeal of the District Court's order granting the Sanctions Motion.

Second, in all material respects, the claims in Massachusetts III mirror those that were asserted (or that, at a minimum, could have been asserted) against Defendants and litigated to a final judgment in both Massachusetts I and II. All three lawsuits focus on whether Hudson had an obligation under the 2016 Release to permit Gravelle to operate as a perpetual distributor/repair center of its products and whether Defendants committed fraud leading up to the 2016 Release. Further, in Massachusetts II (and now III), Gravelle alleged purported "new" breaches of the 2016 Release that occurred after final judgment was entered in Massachusetts I.

23

*Res judicata* bars a subsequent action where, as here, there is: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suit, and (3) sufficient identicality between the parties. *Res judicata* bars re-litigation of claims actually made, as well as claims that could have been made in a prior lawsuit. Gravelle's appellant brief fails to establish through citation of applicable law or fact that *res judicata* does not bar the claims asserted in Massachusetts III.

First, the parties named in Massachusetts I, II and III are the same—Gravelle as plaintiff, and Hudson, Sylvia and Jalove as Defendants.[8] Second, the causes of action asserted against Defendants in Massachusetts III are either substantively the same as those in Massachusetts I and II (breach of the 2016 Release and fraud and misrepresentations leading to, arising from, related to or implementing that settlement), or are claims that Gravelle could have asserted in those prior lawsuits. Finally, as recounted above, a final judgment on the same claims was entered on the merits against Gravelle in Massachusetts I and II, and the District Court judgments in both cases were affirmed by this Court in three separate appeals.

---

[8] As in Massachusetts II, Gravelle also named ten "John Doe" defendants. Dist. Dkt. 1 at ¶¶8-9. Gravelle's pleading failed to include any allegations related to these unidentified individuals, and these John Does are totally ignored in his appellant brief.

In addition to the *res judicata* bar, as was found in Massachusetts II, Gravelle's asserted fraud claim fails to approach the specificity required to satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b).

The District Court also did not err when it denied Gravelle's motion to file an amended complaint. For the same reasons that Massachusetts III is barred by *res judicata*, any amendments to the complaint in this case would be futile and cannot overcome the issue and claim preclusion bars.

## ARGUMENT

### A.     The *de novo* standard of review applies to the analysis of this case.

*Res judicata* is a defense, and ordinarily, when a defense requires the court to consider matters outside the complaint itself, Fed. R. Civ. P. 12(d) would require that the court treat the motion as one for summary judgment.  However, in an appropriate case, an affirmative defense, including *res judicata,* "may be adjudicated on a motion to dismiss for failure to state a claim." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (dismissing claim as barred by *res judicata* under jurisprudence of Rule 12(b)(6)).  In deciding a motion to dismiss, a court may consider "matters of public record" and can take judicial notice of other matters *Butler v. Balolia,* 736 F.3d 609, 611 (1st Cir. 2013) (recognizing that the court is able to consider "documents incorporated by reference into the complaint, matters

25

of public record, and facts susceptible to judicial notice."); *Fudge v. Penthouse Int'l Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) (same).

In his appellant brief, Gravelle suggests that this Court should apply both *de novo* and "salients (*sic*) principles for leave to amend." App. Dkt. 00118217476 at 3. While this Court "ordinarily review[s] a district court's denial of leave to amend for abuse of discretion," it "review[s] *de novo* the district court's determination of futility." *Rife v. One W. Bank, F.S.B.,* 873 F.3d 17, 20 (1st Cir. 2017). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

The appropriate standard for review of a Fed. R. Civ. P. 12(b)(6) dismissal, including in considering dismissal under *res judicata*, is *de novo. Tasker v. DHL Retirement Sav. Plan*, 621 F.3d 34, 38 (1st Cir.2010); *Medina-Padilla v. U.S. Aviation Underwriters*, *Inc*., 815 F.3d 83, 85 (1st Cir. 2016).

Under the *de novo* standard, the Court must "constr[ue] the well-pleaded facts in the light most favorable to the plaintiff, [] accepting their truth and drawing all reasonable inferences in plaintiff's favor." *Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 90 (1st Cir. 2014). In doing so, the Court "'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)' and then 'determine whether the remaining factual

26

content allows a reasonable inference that the defendant is liable for the misconduct alleged."' *Id.* citing *A.G. ex rel. Maddox v. Elsevier, Inc.,* 732 F.3d 77, 80 (1st Cir.2013). Applying this standard, the dismissal of the FAC should be affirmed.

> **B.** **Because Gravelle fails to make any argument relating to the District Court's order granting the Sanctions Motion, he has waived the ability to challenge it now.**

Gravelle's Notice of Appeal ("**Notice**") purports to appeal the District Court's July 1, 2024 Order. Dist. Dkt. 33. The docket entry for the notice indicates that Gravelle is appealing, among other portions of the order, the portion granting the Sanctions Motion. However, the Notice itself says only that Gravelle is appealing the "final Order (Doc. 31-32)… GRANTING Defendants Rule 12(b)(6) motion to dismiss the underlying action in its entirety." *See* Dist. Dkt. 33. Accordingly, it is unclear whether Gravelle has actually appealed the portion of the order granting the Sanctions Motion. In any event, Gravelle's opening brief does not include even a single argument (factual or legal) challenging the District Court's ruling. *See* App. Dkt. 00118217476.

As discussed *supra*, Defendants filed their Sanctions Motion because Gravelle has engaged in eight years of vexatious litigation conduct against Defendants (including but not limited to, filing duplicative lawsuits against Defendants, refusing to accept the finality of court rulings, discovery violations, etc.). Accordingly, the

District Court granted the Sanctions Motion "[f]or the reasons set forth by the defendants in their motion." Dist. Dkt. 31 at 4. The District Court ordered that:

> Gravelle is hereby ENJOINED from commencing any new action on the civil docket of this Court against any of the defendants in [Massachusetts] I, [Massachusetts] II, or this action, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so. The petition to commence a new action must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The petition must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket (currently $52.00) or a motion for leave to proceed without prepayment of that fee. The Clerk shall accept the petition and the accompanying documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket

*Id*.

Gravelle had an opportunity to provide an argument in his appellant brief as to why the District Court erred in granting the Sanctions Motion. He failed to do so. Under this Court's precedent, it will "not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief." *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 788 F.3d 25, 29 (1st Cir. 2015) (waiving claim where argument was first raised in appellant's reply brief, not opening brief); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden,* 11 F.4th 12, 18 (1st Cir. 2021) (same); *Bekele v. Lyft, Inc*., 918 F.3d 181, 186 (1st Cir. 2019) (same). "[A]ppellants are not excused from arguing the issues being appealed" and this Court "will not rely upon arguments and allegations that are developed only in the district

court pleadings." *Exec. Leasing Corp. v. Banco Popular de Puerto Rico,* 48 F.3d 66, 68 (1st Cir. 1995).

While certain issues need not be raised in an opening brief, such as counterarguments and rebuttals, that is not the case here. *Sparkle Hill, Inc.*, 788 F.3d at 29. Gravelle has waived the opportunity to argue that the District Court erred in granting the Sanctions Motion.

## C. *Res judicata* bars the claims asserted in Massachusetts III.

For *res judicata* to apply, there must be: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Mass. School of Law v. American Bar Assoc.*, 142 F.3d 26, 37 (1st Cir. 1998). Importantly, *res judicata* also "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.,* 601 F.3d 9, 14 (1st Cir. 2010). Here, as the District Court observed, Massachusetts III "is barred by *res judicata*, whether it be for claim preclusion or issue preclusion." Dist. Dkt. 31 at 2.

### 1. The parties in Massachusetts I through III are identical.

Hudson, Jalove and Sylvia are the Defendants and Gravelle is the plaintiff. Dist. Dkt. 1, 3-6. Gravelle sued all three of these defendants in Massachusetts I and

II. ML I Doc. 34-1 at ¶¶4, 8, 11-12; ML II Doc. 9 at ¶¶ 1, 3-6. Thus, the parties are identical. *Mass. School of Law*, 142 F.3d at 37.[9]

### 2. There is identicality between the causes of action asserted in Massachusetts I through III.

As the District Court correctly observed, "all three actions concern the parties' obligations under the [2016 Release]." Dist. Dkt. 31 at 2; *see Airframe Sys., Inc.,* 601 F.3d at 14. Under First Circuit *res judicata* law, "a valid and final judgment in the first action will extinguish subsequent claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 36-38 (1st Cir. 1996) (quoting Restatement (Second) of Judgments § 24 (1982)) (affirming district court's dismissal pursuant to *res judicata* prohibiting a party from raising claims that could have been resolved in a prior suit). The Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.*

In his Complaint in Massachusetts III, Gravelle asserts claims for: (a) breach of the 2016 Release (Count I); (b) breach of the covenant of good faith and fair dealing (Count II); (c) deceit/fraud (Count III); (d) violation of the Mass. Gen. Law 93A (Count IV); and negligent misrepresentation (Count V). Dist. Dkt. 1 8, 11, 13,

---

[9] As noted, the Complaint includes several "John Doe" defendants, but there are no allegations about any of them in the Complaint. *See* Dist. Dkt. 1 at ¶¶8-9.

PFS:004108.0031.3410477.7

18-19. Each of these counts were raised, or could have been raised, in Massachusetts I and II. *See supra* at p. 17. The factual bases for the claims asserted in all three lawsuits are, in all material respects, identical.

As discussed *supra* at pp. 17-19, each claim in Massachusetts III stems from the events leading to, arising from, and relating to the implementation of the 2016 Release. All three lawsuits allege that: (i) Gravelle sold his interests in his key machine assets in 2015; (ii) a dispute arose related to the sale and a corresponding independent contractor agreement he signed with Hudson; (iii) to avoid litigation, the parties entered into the 2016 Release; (iv) Defendants breached the 2016 Release by terminating his right to act as a perpetual independent distributor/repair center for Hudson products; and (v) Jalove and Sylvia fraudulently induced Gravelle to enter into the 2015 asset sale and 2016 Release. *Supra* at pp. 17-19.

Just as he unsuccessfully claimed in Massachusetts II, Gravelle once again makes the demonstrably false assertion that the District Court in Massachusetts I and II did not "void the post contractual obligations between the parties" and that the 2016 Release "remains valid and enforceable, to this present day, as no prior court has ever ruled to the contrary and the Defendants did not have the right to unilaterally terminate their contractual obligations under the [2016 Release], when [Gravelle's] account has always remained in good standing." *See* App. Dkt. 00118217476 at 5-6.

PFS:004108.0031.3410477.7

Just like his (rejected) theory in Massachusetts II, Gravelle once again alleges in Massachusetts III that it was not until June 2022 that Defendants breached the 2016 Release and that Jalove's and Sylvia's purported fraudulent actions were discovered. Dist. Dkt. 1 at ¶¶33-34, 42-43, 71-73. According to Gravelle, this happened after (and subsequent to the final judgments in Massachusetts I and II) he emailed Hudson asking to obtain product training and pricing information to operate as one of the company's repair/distribution centers, and Hudson refused to do so. *Id.* at ¶¶71-73.

Once again ignored by Gravelle is the fact that the District Court in Massachusetts I entered a final judgment in favor of Defendants as to all of Gravelle's claims (including those alleged in Massachusetts III), and that the final judgment was affirmed twice by this Court. ML I Doc. 88-89; First Cir. No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109. Similarly, ignored by Gravelle is the fact in Massachusetts II, after Gravelle raised substantively the same claims as he did in Massachusetts I, the District Court dismissed that case as barred by *res judicata* and this Court affirmed the dismissal. ML II Doc. 35, 41 at 7:20; 8:4-7; 11:10-18; First Cir. 21-1547, Doc. 00117870387. And Gravelle fails to address or appreciate that for the same reasons, the District Court in Massachusetts III reached the same judgment that his claims are barred by *res judicata* and that the 2016 Release was not still binding. Dist. Dkt. 31 at 2.

PFS:004108.0031.3410477.7

Accordingly, in reaching this final judgment, the District Court in Massachusetts III reaffirmed both Massachusetts I and II that Hudson did not have any perpetual duty to allow Gravelle to act as a perpetual repair center or distributor for its products. *See id*.

As it relates to Gravelle's claim that Defendants fraudulently induced him to enter into the 2016 Release, the conclusion that *res judicata* applies is no different. Gravelle does not make a single argument on appeal related to why his claim for fraud and misrepresentation is not barred by *res judicata*. Gravelle fails to explain how the *exact same* purported fraudulent statements that he alleged in Massachusetts II (which were the same statements alleged in Massachusetts I) he did not know were false until April 2019, were actually false at the time made, or, assuming *arguendo* any statement was false, how he was unaware of such falsity until June 2022 (particularly given he has previously claimed he learned they were false in 2019). Just as in Massachusetts II (where Gravelle claimed he was not aware of the purported falsity until April 2019 despite alleging the same fraudulent statements in Massachusetts I), by June 2022, all alleged statements and claims leading to the entry of the 2016 Release, the terms and the parties' obligations under the 2016 Release, as well as the parties' performance of the 2016 Release, were known to Gravelle and were litigated to a final judgment or certainly could have been litigated in that case

33

in Massachusetts I and dismissed as barred by *res judicata* in Massachusetts II. *See Airframe Sys., Inc.,* 601 F.3d at 14.

### 3. There was a final judgment on the merits in Massachusetts I and II.

A final judgment (twice affirmed by this Court) was entered in favor of Defendants and against Gravelle on all counts in Massachusetts I, and a final judgment (affirmed by this Court) was entered dismissing Massachusetts II as barred by *res judicata*. *See* ML I Doc. 88-89; First Cir. No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109; ML II Doc. 35; First Cir. 21-1547, Doc. 00117870387. A final judgment is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867 (1994). Thus, a final judgment has been entered on all claims at issue in Massachusetts III. *See generally Kelly v. Nortel Networks Corp.,* 86 F. App'x 439, 440 (1st Cir. 2004) (unpublished) (finding lawsuit was barred by *res judicata* because a final judgment on the merits was entered in a prior suit involving the same transaction, and warning appellant that "filing of repetitive suits despite the conclusive bar of *res judicata* places an unreasonable burden on the defendant, as well as on the court").

Just as he did in Massachusetts II, Gravelle once again makes a factually and legally false claim that the District Court in Massachusetts I and II did not "void" the 2016 Release and that it "remains valid and enforceable, to this present day, as

PFS:004108.0031.3410477.7

no prior court has ever ruled to the contrary and the Defendants did not have the right to unilaterally terminate their contractual obligations under the [2016 Release], when [Gravelle's] account has always remained in good standing." *See* App. Dkt. 00118217476 at 5-6. Gravelle further falsely contends that the District Court "conceded that contractual breaches committed after April 16, 2016, are very much actionable." *Id.* No such "concession" was made by the District Court (or any other trial or appellate court that has considered Gravelle's lawsuits against Defendants).

As discussed *supra,* Gravelle ignores that a final judgment was entered against him on all counts in Massachusetts I. *See* ML I Doc. 88-89. The District Court's judgment was affirmed twice on appeal. *See* First Cir. No. 19-1350, Doc. 00117538078; First Cir. No. 20-1282, Doc. 00117677109. Thus, the District Court did adjudicate to a final judgment on the merits the claims in Massachusetts I—including that Hudson was not obligated to allow Gravelle to act as a "perpetual" distributor or repair center.

In dismissing the case as barred by *res judicata,* the District Court in Massachusetts II similarly recognized that a final judgment had been entered in Massachusetts I as it related to the 2016 Release. ML II Doc. 35, 41 at 7:20; 8:4-7; 11:10-18. And in reaching its decision in Massachusetts III, the District Court explicitly contradicted Gravelle's false assertion that it had conceded that purported breaches of the 2016 Release were actionable, stating that "it is clear there has been

a judicial determination that, on or before April 10, 2019, Hudson's obligations under the [2016] Release were terminated and that a final judgment in favor of Hudson has been issued at least in part on that basis." Dist. Dkt. 31 at 3.

Accordingly, as with the other elements, the "final judgment" element of *res judicata* is easily met here.

### D. In addition to the *res judicata* bar, Gravelle's fraud claim does not satisfy the heightened standard for fraud under Fed. R. Civ. P 9(b).

In addition to being barred under *res judicata,* Gravelle's fraud allegations fail to meet the heightened pleading standard under Fed. R. Civ. P. 9(b).[10] *See* Dist. Dkt. 1 at ¶¶ 59-82. To state a claim for fraud, a plaintiff must allege specific facts establishing that: (1) defendants made a false representation of material fact; (2) with knowledge as to its falsity; (3) for the purposes of inducing plaintiff to act; (4) that plaintiff reasonably relied on the false representation as true and acted on it; and (5) to plaintiff's detriment. *Rodi v. S. New England Sch. of L.*, 532 F.3d 11, 15 (1st Cir. 2008). This Court has recognized that to satisfy the strict requirements under Fed. R. Civ. P. 9(b), a plaintiff's pleadings must specify the "time, place, and content of

---

[10] In granting the Fed. R. Civ. P. 12(b)(6) motion as to all claims asserted in the Complaint, the District Court did not need to reach, and did not address, Defendants' arguments seeking dismissal of the fraud claim asserted in Count III of the Complaint under Fed. R. Civ. P. 9(b). *See* Dist. Dkt. 31 at 2-3. Because the issue is subject to *de novo* review, Defendants will briefly address the issue here. *See U.S. ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 119 (1st Cir. 2013) (applying *de novo* review, dismissing claims under Fed. R. Civ. P. 12(b)(6) for failure to plead with particularity required under Fed. R. Civ. P 9(b)).

an alleged false representation…." *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir.1985) *citing McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 229 (1st Cir.1980). Further, a plaintiff must allege specific facts identifying "the basis for inferring scienter." *North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (recognizing the inadequacy of a "complaint's averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading").

On the face of the Complaint, Gravelle fails to satisfy these pleading requirements, and given that his appellant brief does not provide any argument as to his fraud claim, the appellant brief does not compel any other conclusion. *See* Dist. Dkt. 1 at ¶¶25-28, 59-82. Missing from the pleading (just as in Massachusetts I and II), and fatal to the claim in this case, are the "who, what, when and where" of the particular putatively fraudulent statements, and the specific facts establishing known misstatements of present fact. *Hayduk,* 775 F.2d at 444. Gravelle fails to even address any one of these numerous deficiencies in his appellate brief. *See* App. Dkt. 00118217476 at 7.

A review of the Complaint lays bare its fatal flaws. Gravelle claims that "Jalove and Sylvia made several pre-contractual representations" purportedly to "induce" him to sign the 2016 Release. Dist. Dkt. 1 at ¶25. Specifically, according

37

to Gravelle, "both" Jalove and Sylvia told him that: (i) the RapidKey machine "was a dismissal (sic) failure;" (ii) Gravelle could earn substantial money as a distributor; (iii) Gravelle could earn substantial money as a repair depot; (iv) the "fruits" of the 2016 Release would continue as long as he remained in good standing with Hudson; and (v) Hudson would welcome Gravelle as one of their distributor/repair depot. Dist. Dkt. 1 at ¶27. Gravelle claims that the purported fraudulent statements could not have been discovered prior to June 2022 because Jalove and Sylvia "fraudulently conceal[ed]" the facts giving rise to the claim. *Id.* at ¶¶ 34, 77.

While Gravelle claims the purported fraudulent statements were made "orally" at Hudson's headquarters, the Complaint fails to provide any specifics regarding the purported statements—including, who made which statement, when each statement was made and how (*i.e.* were they made in in-person conversations, telephonically etc.). Consider, for example, the "who" element. The Complaint identifies Jalove and Sylvia as the individuals who made the purported fraudulent statements. *Id.* at ¶62. But Gravelle never actually alleges who said what—rather Gravelle apparently contends that somehow *both* Jalove and Sylvia made the *exact same* fraudulent statements. *See id.* The Complaint also fails to provide any facts showing that either Jalove or Sylvia knew the statements were materially false or misleading when they were made. *Cardinale*, 567 F.3d at 13. Accordingly, the

38

Complaint is woefully short of the heightened pleading standard under Fed. R. Civ. P. 9(b). *See Lanna,* 775 F.2d at 444.

Also eliminating the fraud claim are the purported statements themselves. Gravelle complains that Defendants misrepresented the future benefits that he would reap from his arrangement as a Hudson distributor/service center and the success of the "Rapidkey 7000" concept. *Id.* at ¶62. These statements are promissory statements regarding future events and cannot constitute fraud. *Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 192 F.3d 162, 175 (1st Cir. 1999). Gravelle fails to allege in the Complaint (or even address in his brief) how any purported statement about anticipated future events (such as the future performance of the "Rapidkey 7000" concept or whether he would be able to make any money as a distributor or repair center) were false statements of fact *at the time they were made*, that Jalove and Sylvia knew they were false in 2016 or that they were made with specific intent to induce Gravelle to act. *See Rodowicz*, 192 F.3d at 175 (explaining that "false statements of opinions, of conditions to exist in the future, or of matters promissory in nature" are not actionable as fraud).

Accordingly, Gravelle's fraud claim is not just barred by *res judicata,* but it fails to meet the heightened pleading standard for fraud.

PFS:004108.0031.3410477.7

**E.** **Because any amendment would be futile, the District Court did not err in denying Gravelle leave to file an amended complaint.**

A District Court can deny a motion for leave to amend where, among other reasons, such amendment would not fix deficiencies with the complaint and such an amendment would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (affirming district court's denial of motion to file amended complaint); *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014) (noting that a court can deny leave to amend where "the pined-for amendment does not plead enough to make out a plausible claim for relief."). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Computervision Corp.*, 90 F.3d 617 at 623. "There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Id.*

Here, the District Court in Massachusetts I and II already entered a final judgment in favor of Defendants on the same claims, based on the same facts, as Massachusetts III. ML I Doc. 88-89; ML II Doc. 35. By doing so, the courts recognized that Defendants had no obligation to allow Gravelle to act as a perpetual repair center or distributor. *See* ML I Doc. 88; ML II Doc. 35; ML III Doc. 31 at 2.

Defendants' Motion to Dismiss is not "still pending" with the District Court as alleged by Gravelle. *See* App. Dkt. 00118217476 at 7. The District Court granted Defendants' motion to dismiss in full, finding that all claims in Massachusetts III

40

were barred by *res judicata* and finding that "it is clear there has been a judicial determination that, on or before April 10, 2019, Hudson's obligations under the Release were terminated and that a final judgment in favor of Hudson has been issued at least in part on that basis." Dist. Dkt. 31 at 3.

It is simply false that Defendants would "not suffer any undue prejudice" if Gravelle was granted leave to file an amended complaint. App. Dkt. 00118217476 at 8. Gravelle's vexatious conduct has cost Defendants substantial time and expense for eight years. Even though the District Court and this Court have rejected Gravelle's claims in two prior lawsuits, Gravelle still filed Massachusetts III. Gravelle is incapable of curing any of the defects in the Complaint to overcome the *res judicata* bar and Defendants would suffer substantial prejudice if he was allowed to file an amended complaint. While Gravelle states that no discovery has taken place, he ignores that significant discovery took place in Massachusetts I relating to the exact same facts at issue here (and Defendants incurred substantial expense in that matter due to Gravelle adjudicated discovery abuses). *See* App. Dkt. 00118217476 at 8; ML I Doc. 88 at 2.

Finally, Gravelle fails to provide any legal basis for his assertion that Defendants had an obligation to *preemptively* argue in their motion to dismiss that any amendment would be futile. *See* App. Dkt. 00118217476 at 8. There is no legal requirement that Defendants make such a preemptive argument and anticipate that

41

Gravelle would seek to amend his Complaint. For these reasons, because any amendment would be futile, the District Court correctly denied Gravelle's motion for leave to file an amended complaint.

<u>**CONCLUSION**</u>

For the foregoing reasons, the District Court correctly dismissed Gravelle's Complaint as barred by *res judicata* and correctly granted Defendants' Sanctions Motion. Defendants respectfully ask the Court to affirm the District Court's July 1, 2024 order.

Dated: January 17, 2025        Respectfully submitted,

**Hudson Lock LLC, Robert J. Sylvia and Marty Jalove**

By:    s/Jonathan S. Goodman

Jonathan S. Goodman (First Circuit Bar No. 1188534)
Alec J. Losh (First Circuit Bar No. 1188533)
Patzik, Frank & Samotny Ltd.
200 South Wacker Drive, Suite 2700
Chicago, Illinois 60606
312.551.8300 – phone
312.551.1101 – facsimile
jgoodman@pfs-law.com
alosh@pfs-law.com

   and

Frank N. Gaeta
Rich May, P.C.
176 Federal St.
Boston, MA 02110
(617) 556-3838
fgaeta@richmaylaw.com

42

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 9,926 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14-point Times New Roman font.

Dated:  01/17/2025                               */s/ Jonathan S. Goodman*

                                                            Jonathan S. Goodman

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system, which electronically served a copy on all counsel of record.

Dated: January 17, 2025

*/s/Jonathan S. Goodman*
Jonathan S. Goodman